# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| **MICROBES, INC. and** | § | |
| **RHIZOGEN L.L.C.** | § | |
| | § | |
| Plaintiffs, | § | **2:09-CV-237 (TJW)** |
| | § | |
| v. | § | **ECF** |
| | § | |
| **THE ESPOMA COMPANY, ADVANCED** | § | **JURY TRIAL DEMANDED** |
| **MICROBIAL SOLUTIONS, L.L.C. and** | § | |
| **CALLOWAY'S NURSERY, INC.** | § | |
| | § | |
| Defendants. | § | |
| | § | |

## JOINT PROTECTIVE ORDER

Pursuant to the motion of the parties to this action for the entry of a Joint Protective Order pursuant to Rule 26 of the Federal Rules of Civil Procedure,

IT IS HEREBY ORDERED THAT:

**1.0    General**

    1.1    This Order shall govern all discovery authorized by the Federal Rules of Civil Procedure conducted in this case that a disclosing party has designated pursuant to this Order.

    1.2    This Order shall remain in full force and effect unless modified by an Order of this Court or by the written stipulation of the parties filed with the Court.

    1.3    Nothing in this Order shall limit or preclude a party to this litigation from applying to the Court for relief from this Order, or for such further or additional protective orders as the Court may deem appropriate.

1.4     For purposes of this Order, "item" shall mean any document, thing, interrogatory answer, deposition testimony, admission or other material or information that is produced during discovery, generated by a party or its counsel, or filed with the Court, in this action.

**2.0     Designation of Levels of Protection**

2.1     A party to this litigation or a third party who elects to be covered by this Order, who produces or discloses any item, may designate the item as:

**"CONFIDENTIAL"**

if such item contains trade secrets or other confidential information, wherein the public, unrestricted, or unauthorized disclosure of such trade secrets or other information would be likely to unduly or unfairly prejudice the designating party, or the rights of the owner or possessor of such information or reveal circumstances that a reasonable person or entity would not want disseminated, or the disclosure of such trade secrets or other information would, in the good faith judgment of the designating party, be detrimental to the designating party in the conduct of its business.  For example, information designated as "CONFIDENTIAL" may be or include information that is directed to research, commercial, competitive, technical, personal or financial matters, or may also relate to any other matter.

2.2     A party to this litigation or a third party who elects to be covered by this Order, who produces or discloses any item, may designate the item as:

**"CONFIDENTIAL-ATTORNEYS ONLY"**

if such item meets the requirements for designation as "CONFIDENTIAL" and, in addition, includes sensitive competitive or financial information, or includes information the disclosure of which would be likely to cause harm to the competitive position of the designating party.

**3.0      Marking of Designated Items**

3.1      The designation of items that exist in tangible form shall be achieved by visibly and securely marking the item as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS ONLY."

3.2      Multi-page or multi-screen items shall have each page or screen marked with the designation.

3.3      Designated items that cannot be readily or easily marked in a visible, secure manner shall be marked by the designating party by serving a letter upon the receiving party that clearly identifies the item and clearly states the level of protection designated under this Order. This manner of designation shall be completed prior to or concurrent with the disclosure of the item, subject to Paragraphs 4.0 and 12.0.

3.4      Items may also be designated on the record by spoken words during any deposition, trial, or hearing if and to the extent such designation is stenographically recorded.

**4.0      Rule 34 Inspection of Items**

4.1      In the event a party elects to produce items for inspection under Rule 34, no marking need be made by the producing party in advance of the initial inspection.

4.2      For purposes of the initial inspection, all items produced shall be considered as designated and as marked "CONFIDENTIAL-ATTORNEYS ONLY."

4.3      Upon selection of specified items for copying, the producing party may designate and mark the copies of such items as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS ONLY," as appropriate, prior to producing the copies to the inspecting party.

**5.0      Authorized Recipients of "CONFIDENTIAL-ATTORNEYS ONLY" Items**

5.1      Items designated as "CONFIDENTIAL-ATTORNEYS ONLY" shall be restricted

to the following persons on behalf of the receiving party:

    5.1.1    Outside counsel of the parties to this action, including of counsel, local counsel, and their employees;

    5.1.2    Court personnel, stenographic reporters, and videographers engaged in such proceedings as are necessarily incident to the preparation for depositions and/or trial of this action; and commercial photocopying and e-discovery firms and individuals working for them as employees or contractors;

    5.1.3    A reasonable number of independent outside experts, consultants and/or business persons who have been qualified under Paragraph 8.0 of this Order; and

    5.1.4    In-house counsel who have been qualified under Paragraph 8.0 of this Order. However, in-house counsel may not receive any information or documents designated as "CONFIDENTIAL-ATTORNEYS ONLY" unless disclosure has been agreed to by the parties or ordered by the Court. The Court will give in-house counsel access to "CONFIDENTIAL-ATTORNEYS ONLY" information upon a showing of necessity.

**6.0    Authorized Recipients of "CONFIDENTIAL" Items**

    6.1    Items designated by a party as "CONFIDENTIAL" shall be restricted to the persons authorized by Paragraph 5.0 and Sub-Paragraphs 6.2 and 6.3.

    6.2    Items designated by a party as "CONFIDENTIAL" may be disclosed to three (3) business persons employed by the receiving party during the pendency of this action who have been qualified under Paragraph 8.0 of this Order.

5/10/2010

6.3 Items disclosed as "CONFIDENTIAL" may be disclosed to in-house counsel of the parties to this action.

**7.0 Disclosure by Authorized Recipients**

7.1 A person authorized to receive "CONFIDENTIAL-ATTORNEYS ONLY" items may disclose such items or the substance of such items only to persons personally known to him/her to be authorized under this Order to receive "CONFIDENTIAL-ATTORNEYS ONLY" items.

7.2 A person authorized to receive "CONFIDENTIAL" items may disclose such items or the substance of such items only to persons personally known to him/her to be authorized under this Order to receive "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS ONLY" items.

7.3 However, during a trial, hearing, or deposition in this action, counsel for a receiving party may question any present employee or officer, or past employee or officer of the disclosing party concerning items designated under this Order, regardless of whether the deponent is authorized under this Order to receive such documents.

**8.0 Qualification of Certain Recipients**

8.1 Each independent expert, consultant, business person and/or in-house counsel used by a party for purposes of this case (Paragraph 5.0), each of the three (3) business persons (Paragraph 6.0) and each in-house counsel (Paragraph 6.0) shall read this Order and each shall agree in writing, by executing the form declaration agreement attached hereto as Exhibit A, to be bound by the terms of this Order concerning receipt and disclosure of items designated under this Order.

5/10/2010

      8.2     A copy of each executed declaration agreement shall be provided to each other party.

      8.3     When executing the declaration agreement, each expert, consultant, business person and/or in-house counsel shall disclose that person's full name; home and business address; telephone number; title; employer or business name (if owner, partner, or self-employed); current resume or curriculum vitae; and any relationship to the parties.

      8.4     No designated item shall be shown to any expert, consultant, business person and/or in-house counsel until seven (7) calendar days after that expert, consultant, business person and/or in-house counsel has been identified in writing to the opposing parties.

**9.0**     **Objection to Qualification of a Person**

      9.1     A party may object in writing to any expert, consultant, business person and/or in-house counsel as being an "Authorized Recipient" under Paragraphs 5.0 or 6.0 within the seven (7) calendar day period set forth in Sub-Paragraph 8.4.

      9.2     No disclosure of designated items shall be made to the persons objected to under Sub-Paragraph 9.1 of this Order until the objecting party consents or until the Court rules in favor of the non-objecting party on appropriate motion.

      9.3     The parties shall attempt in good faith to resolve the issue before involving this Court.

      9.4     The party seeking to disclose designated items to the expert, consultant, business person and/or in-house counsel that has been objected to under Sub-Paragraph 9.2 of this Order shall be the moving party.

5/10/2010

**10.0 Challenging the Designation of an Item**

10.1 A party shall not be obligated to challenge the propriety of a designation of an item as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS ONLY" at the time made, and a failure to do so shall not preclude a subsequent challenge thereto.

10.2 In the event that any party to this suit objects at any stage of these proceedings to the designation by another party of any item as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS ONLY", the parties first shall try to resolve such dispute in good faith without involving this Court.

10.3 If the parties are not successful in resolving the dispute, the objecting party may seek appropriate relief from the Court.

10.4 Exceptions or modifications to this Order may be made by written stipulation among all the parties, filed with the Court, and either party may seek an order of this Court modifying this Order.

10.5 Nothing herein shall prevent a nonparty from challenging any confidentiality designation in accordance with the procedures set forth in Paragraph 10.0.

**11.0 Derivation**

11.1 Information obtained by a party inspecting, measuring, analyzing, testing, using, consulting, or otherwise reviewing any item designated under this Order shall be considered as designated and marked according to the highest level of protection of any item reviewed in obtaining that information, i.e., "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS ONLY."

**12.0   Depositions**

    12.1   Prior to or during a deposition in this litigation, a party may designate testimony, including the answer to a specific question asked during the deposition, by stating on the record the level of protection desired by that party, or by informing in writing the other parties, and the court reporter, of the desired level of protection.

    12.2   If before or during the deposition, the testimony is designated as having a particular level of protection, then only the following persons shall be present for the answer:

        12.2.1  authorized persons corresponding to the level of protection designated;

        12.2.2  the deponent; and

        12.2.3  the reporter and videographer.

    12.3   The portion of the deposition transcript corresponding to the designated answer shall be marked by the reporter and videographer as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS ONLY," and separately bound, as appropriate.

    12.4   A deponent and/or party shall have until thirty (30) days after receipt of a deposition transcript to designate additional portions of the transcript under this Order as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS ONLY."

    12.5   Each party shall cause each copy of the transcript in its custody or control or that comes into its custody or control to be immediately marked as designated.

    12.6   Prior to the expiration of the thirty (30) day period identified in Sub-Paragraph 12.4, a deposition transcript and/or the substance of a deponent's answers may be disclosed only to those persons authorized to receive items designated as "CONFIDENTIAL-ATTORNEYS ONLY," and the deponent.

**13.0    Use For This Litigation Only**

13.1    Items designated under this Order shall not be used by any recipient or disclosed to anyone for any purpose other than in connection with the above-captioned action.

**14.0    Public Knowledge**

14.1    The designation of any item under this Order as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS ONLY" shall be removed by order of this Court, upon motion showing that such item (a) was, is, or has become public knowledge, without any violation of this Order; (b) has been acquired in good faith from a third party not subject to this Order, such third party being lawfully in possession of it and not under any confidentiality obligation or any restriction prohibiting the release of it; (c) was possessed prior to receipt of the item asserted to be confidential from a source able to provide it without a breach of confidence; or (d) has been discovered independently by the receiving party by means that do not constitute a violation of this Order.  The designation of any item under this Order as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS ONLY" may also be removed or modified upon written statement by the designating party.

14.2    If a party desires to make use of an item designated as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS ONLY" for purposes inconsistent with the designation under this Order or to change the designation, and contends that the item comes within Sub-Paragraph 14.1, then the party shall notify the disclosing party in writing of the receiving party's intention to use such item and the factual basis for its contention that the item comes within Sub-Paragraph 14.1.

14.3    For a period of seven (7) days subsequent to such written notification from the receiving party to the disclosing party, pursuant to Sub-Paragraph 14.2, the receiving party shall

make no disclosure of the item inconsistent with its designation under this Order to provide the disclosing party opportunity to move the Court for appropriate relief.

**15.0   Items Filed With The Court**

15.1   Any item or substance of an item designated as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS ONLY" that is filed with the Court for any purpose shall be filed in accordance with this Court's procedures and marked with the title of the action and the following statement or one similar to it:

> **THIS ENVELOPE CONTAINS INFORMATION SUBJECT TO THE AGREED PROTECTIVE ORDER ENTERED BY THE COURT IN THIS SUIT, AND IS NOT TO BE OPENED NOR THE CONTENTS THEREOF DISPLAYED OR REVEALED EXCEPT BY ORDER OF THE COURT.**

15.2   To the extent practicable, designated items or the substance of designated items shall be filed separately or in severable portions of filed papers, so that non-designated items may be freely disseminated.

15.3   No designated items or substance of a designated item shall be included in whole or in part in pleadings, motions, briefs, or other papers filed in Court except as provided in this Paragraph 15.0.

**16.0   Inadvertent Disclosure**

16.1   The inadvertent or unintentional disclosure of "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEY ONLY" items, regardless of whether the item was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of protection, provided that the party later asserting claim of protection informs opposing parties of its claim within a reasonable time after learning of the disclosure. No receiving party shall be in violation of this Order for disclosing information in an item which has been

unintentionally disclosed by the disclosing party prior to receiving notice of such unintentional disclosure.

16.2    Inadvertent or unintentional production of documents containing attorney-client privileged communications or information subject to the work product exemption shall not be deemed a waiver in whole or in part of a claim of attorney-client privilege or work product exemption.  If such an inadvertent or unintentional production occurs, or if a production or disclosure is intentional or known but the status of the document or other information is not known at the time of production to be protectable as a privileged attorney-client communication or work product, then the producing party shall contact the opposing party to request the return of such documents or information.  The producing party shall bear the burden of establishing that the production was inadvertent or intentional and that the documents contain attorney-client privileged communications or information subject to the work product exemption.  If the opposing party agrees that the producing party has met its burden, the opposing party shall return the documents.  If the opposing party disagrees that the producing party has met its burden, the opposing party may refuse to return the documents and the producing party may file an appropriate motion with the Court.

**17.0    Miscellaneous**

17.1    Counsel for each party shall take reasonable precautions with regard to storage, custody and use of designated items to prevent the unauthorized or inadvertent disclosure of any protected information.

17.2    This Order shall not be construed as a waiver of the right of a party to object to discovery under Rule 26.

17.3    Within ninety (90) days after final termination of this action and any appeals

therefrom by judgment, settlement or otherwise, all designated items disclosed under the terms of this Order, including all copies thereof and all items derived from such items, shall be destroyed or delivered to the counsel for the designating party, unless otherwise agreed in writing, except that outside counsel for each party shall be entitled to maintain copies of all designated items following such ninety-day period for archival purposes.

    17.4    Outside counsel for each party may retain its work product.

SIGNED this 19th day of May, 2010.

_____
CHARLES EVERINGHAM IV
UNITED STATES MAGISTRATE JUDGE

APPROVED AND ACCEPTED:

Date: 5/18/10

| ATTORNEYS FOR MICROBES, INC. AND RHIZOGEN L.L.C. | ATTORNEYS FOR ADVANCED MICROBIAL SOLUTIONS, L.L.C. |

_____

Dale Jefferson
Douglas H. Elliott
Martin Disiere, Jefferson & Wisdom, L.L.P.
808 Travis Street, Suite 1800
Houston, Texas 77002
Telephone (713) 632-1700
Fax (713) 222-0101

Mark J. Dyer
Martin, Disiere, Jefferson & Wisdom, L.L.P.
900 Jackson Street, Suite 710
Dallas, Texas 75202
Telephone (214) 420-5500
Fax (214) 420-5501

Otis W. Carroll
Deborah Race
Ireland, Carroll & Kelley, P.C.
6101 South Broadway, Suite 500
Tyler, Texas 75703
Telephone (903) 561-1600
Fax (903) 581-1071

_____

George R. Schultz
Nicole R. Marsh
Schultz & Associates, P.C.
One Lincoln Center
5400 LBJ Freeway, Suite 1200
Dallas, Texas 75240
214-210-5940 telephone
214-210-5941 facsimile

ATTORNEYS FOR THE ESPOMA COMPANY AND CALLOWAY'S NURSERY

_____

John J. Marshall
Drinker, Biddle, & Reath LLP
1000 Westlakes Drive, Suite 300
Berwyn, PA 19312
Telephone (610) 993-2274
Fax (610) 993-8585

5/10/2010

APPROVED AND ACCEPTED:

Date: _____

**ATTORNEYS FOR MICROBES, INC. AND RHIZOGEN L.L.C.**

_____
Dale Jefferson
Douglas H. Elliott
Martin Disiere, Jefferson & Wisdom, L.L.P.
808 Travis Street, Suite 1800
Houston, Texas 77002
Telephone (713) 632-1700
Fax (713) 222-0101

Mark J. Dyer
Martin, Disiere, Jefferson & Wisdom, L.L.P.
900 Jackson Street, Suite 710
Dallas, Texas 75202
Telephone (214) 420-5500
Fax (214) 420-5501

Otis W. Carroll
Deborah Race
Ireland, Carroll & Kelley, P.C.
6101 South Broadway, Suite 500
Tyler, Texas 75703
Telephone (903) 561-1600
Fax (903) 581-1071

**ATTORNEYS FOR ADVANCED MICROBIAL SOLUTIONS, L.L.C.**

_____
George R. Schultz
Nicole R. Marsh
Schultz & Associates, P.C.
One Lincoln Center
5400 LBJ Freeway, Suite 1200
Dallas, Texas 75240
214-210-5940 telephone
214-210-5941 facsimile

**ATTORNEYS FOR THE ESPOMA COMPANY AND CALLOWAY'S NURSERY**

*/s/ John J. Marshall*
John J. Marshall
Drinker, Biddle, & Reath LLP
1000 Westlakes Drive, Suite 300
Berwyn, PA 19312
Telephone (610) 993-2274
Fax (610) 993-8585

5/10/2010

APPROVED AND ACCEPTED:

Date: _____

ATTORNEYS FOR MICROBES, INC.
AND RHIZOGEN L.L.C.

_____  5/10/10
Dale Jefferson
Douglas H. Elliott
Martin Disiere, Jefferson & Wisdom, L.L.P.
808 Travis Street, Suite 1800
Houston, Texas 77002
Telephone (713) 632-1700
Fax (713) 222-0101

Mark J. Dyer
Martin, Disiere, Jefferson & Wisdom, L.L.P.
900 Jackson Street, Suite 710
Dallas, Texas 75202
Telephone (214) 420-5500
Fax (214) 420-5501

Otis W. Carroll
Deborah Race
Ireland, Carroll & Kelley, P.C.
6101 South Broadway, Suite 500
Tyler, Texas 75703
Telephone (903) 561-1600
Fax (903) 581-1071

ATTORNEYS FOR ADVANCED
MICROBIAL SOLUTIONS, L.L.C.

_____
George R. Schultz
Nicole R. Marsh
Schultz & Associates, P.C.
One Lincoln Center
5400 LBJ Freeway, Suite 1200
Dallas, Texas 75240
214-210-5940 telephone
214-210-5941 facsimile

ATTORNEYS FOR THE ESPOMA
COMPANY AND CALLOWAY'S
NURSERY

_____
John J. Marshall
Drinker, Biddle, & Reath LLP
1000 Westlakes Drive, Suite 300
Berwyn, PA 19312
Telephone (610) 993-2274
Fax (610) 993-8585

5/10/2010

## EXHIBIT A

## DECLARATION

I, _____, having been warned that perjury is a crime punishable under the laws of the United States, declare as follows:

1. I have read and understand the contents of the JOINT PROTECTIVE ORDER agreed to by the parties, in the case styled *Microbes, Inc. et al. v. The Espoma Company et al.*, Civil Action No. 2:09-CV-237.

2. I am an authorized recipient under Paragraph 8.0 of the JOINT PROTECTIVE ORDER. I have executed this Declaration and have agreed to observe the conditions provided in the JOINT PROTECTIVE ORDER prior to any disclosure to me of any item designated under the JOINT PROTECTIVE ORDER.

3. I expressly agree that:

   (a) I have read and shall be fully bound by the terms of the JOINT PROTECTIVE ORDER;

   (b) All items that are disclosed to me under the JOINT PROTECTIVE ORDER shall be maintained in strict confidence, and I shall not disclose or use the original or any copy of, or the substance of, any item provided to me except in accordance with the JOINT PROTECTIVE ORDER;

   (c) I shall not make, or cause to be made, any copy of such item in any form, except as permitted under the JOINT PROTECTIVE ORDER;

   (d) I shall not use or refer to any item or substance of an item so designated other than in connection with this litigation and as prescribed in the JOINT PROTECTIVE ORDER; and

    (e)  I shall, upon notification that this litigation has terminated, return any copies of items to counsel for the producing party at such counsel's expense, and I shall destroy any notes or memoranda I have that concern such items.

  4.  I do and shall subject myself to the continuing jurisdiction of the above-captioned Court over my person, wherever I shall be found, for purposes of enforcement of the JOINT PROTECTIVE ORDER.

  I declare under penalty of perjury that the foregoing is true and correct.

  EXECUTED ON _____

_____
Printed Name:_____

Title:_____