IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| Microbes, Inc. and <br> Rhizogen L.L.C. <br> <br> Plaintiffs, <br> <br> v. <br> <br> The Espoma Company, <br> Advanced Microbial Solutions L.L.C., <br> And Calloway's Nursery, Inc. <br> <br> Defendants. | § § § § § § § § § § § § | Civil Action No. 2:09-CV-237 <br> <br> Jury Trial Demanded |

## FIRST AMENDED COMPLAINT

Plaintiffs Microbes, Inc. ("Microbes") and Rhizogen L.L.C. ("Rhizogen") (collectively, "Plaintiffs") file this first amended complaint against Defendants, The Espoma Company ("Espoma"), Advanced Microbial Solutions L.L.C. ("AMS"), and Calloway's Nursery, Inc. ("Calloway's") (collectively, "Defendants") for patent infringement, and in support thereof allege the following:

### THE PARTIES

1. Plaintiff Microbes is a corporation organized and existing under the laws of the state of Delaware with its principal place of business at 4200 Research Forest Drive, Suite 100, The Woodlands, Texas 77381.

2. Plaintiff Rhizogen is a limited liability company organized and existing under the laws of the state of Delaware with its principal place of business at 4200 Research Forest Drive, Suite 100, The Woodlands, Texas 77381.

3. On information and belief: Defendant Espoma is a foreign corporation organized and existing under the laws of the state of New Jersey, with its principal place of business at 6 Espoma Road, Millville, New Jersey 08332. Defendant may be served with process through the Secretary of State pursuant to Texas law governing corporations. Plaintiffs invoke §17.044 of the Texas Civil Practice and Remedies Code which provides that the Secretary of State of Texas is the agent for service of process on this Defendant. The Secretary of State may serve this Defendant by mailing a copy of this complaint to Defendant's home office at 6 Espoma Road, Millville, New Jersey 08332. Espoma has appeared in this lawsuit.

4. On information and belief: Defendant AMS is a limited liability company organized and existing under the laws of the state of Texas, with its principal place of business located at 801 South Highway 377, Pilot Point, Texas 76258. Service may be perfected on AMS by serving its registered agent for service, David P. Lanciault, at its principal place of business. AMS has appeared in this lawsuit.

5. On information and belief: Defendant Calloway's is a corporation organized and existing under the laws of the State of Texas, with its principal place of business located at 4200 Airport Freeway, Suite 200, Fort Worth, Texas 76117. Service may be perfected on Calloway's by serving its registered agent for service, James C. Estill, at 4800 Blue Mound Road, Fort Worth, Texas 76106. Calloway's has appeared in this lawsuit.

## JURISDICTION AND VENUE

6. This is an action for patent infringement under the patent laws of the United States, Title 35 United States Code. Accordingly, this Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1338(a) (patent infringement).

7. This Court has personal jurisdiction over Defendants, in accordance with the United States Constitution and Sections 17.041-17.045 of the Texas Civil Practice & Remedies Code. On information and belief, each of the Defendants has regularly engaged in the transaction of business in this District, and elsewhere within the State of Texas. Furthermore, on information and belief, each of Defendants has committed and continues to commit acts of direct and/or indirect patent infringement, as alleged in this Complaint, in this District and elsewhere within the State of Texas. For example, on information and belief, the acts of indirect infringement by Defendant AMS, as alleged herein, have at least partially taken place in this District. Defendant Calloway's has committed multiple acts of direct infringement in this District.

8. On information and belief, Espoma has purposefully and voluntarily sold one or more of its infringing products with the expectation that they will be purchased by consumers in this District. Furthermore, Espoma has deliberately entered into business relationships with companies (referred to as its "dealers") in this District (including Calloway's) and elsewhere in Texas, and encouraged those dealers to engage in acts of direct patent infringement as alleged below.

9. Venue is proper in this judicial district ("District") pursuant to 28 U.S.C. §§1391(b), 1391(c), and 1400(b).

## COUNT ONE: PATENT INFRINGEMENT '179 PATENT

10. Plaintiffs incorporate by reference paragraphs 1-9 as if fully set forth herein.

11. On April 12, 2005, United States Patent No. 6,878,179 (the '179 patent), entitled "Fertilizer Compositions and Methods of Making and Using Same," was duly and legally issued with Randolph S. Porubcan as the named inventor. Mr. Porubcan had executed a written

assignment, whereby he assigned all rights, title and interest in the '179 patent to Plaintiff Microbes, which is the owner of all rights, title and interest in the '179 patent. A copy of the '179 patent is attached hereto as Exhibit 1.

12. Microbes has entered into a license agreement with Rhizogen, which is an exclusive licensee of patent rights under the '179 patent.

13. Defendant Espoma has infringed and continues to infringe the '179 patent, literally and/or under the doctrine of equivalents. Espoma is liable for at least direct infringement of the '179 patent pursuant to 35 U.S.C. § 271(a).

14. Defendant AMS is liable as an indirect infringer of the '179 patent based on its inducement of infringement under 35 U.S.C. § 271(b). On information and belief, AMS has induced one or more other entities to directly infringe the '179 patent, literally and/or under the doctrine of equivalents.

15. Defendant Calloway's has infringed and continues to infringe the '179 patent, literally and/or under the doctrine of equivalents. Calloway's is liable for at least direct infringement of the '179 patent pursuant to 35 U.S.C. § 271(a).

16. The infringement (direct and indirect) by Defendants Espoma, AMS and Calloway's has caused damage to Plaintiffs, who are entitled to recover from Defendants the damages sustained by Plaintiffs as a result of Defendants' wrongful acts in an amount subject to proof at trial. Defendants' wrongful acts of infringement will continue to damage Plaintiffs, causing irreparable harm, for which there is no adequate remedy at law, unless enjoined by this Court.

17. Plaintiffs' patented products have been marked with the '179 patent number in accordance with 35 U.S.C. § 287.

## COUNT TWO:
## PATENT INFRINGEMENT
## '994 PATENT

18. Plaintiffs incorporate by reference paragraphs 1-17 as if fully set forth herein.

19. On May 16, 2006, United States Patent No. 7,044,994 (the '994 patent), entitled "Fertilizer Compositions and Methods of Making and Using Same," was duly and legally issued with Randolph S. Porubcan as the named inventor. Mr. Porubcan had executed a written assignment, whereby he assigned all rights, title and interest in the '994 patent to Plaintiff Microbes, which is the owner of all rights, title and interest in the '994 patent. A copy of the '994 patent is attached as Exhibit 2.

20. Microbes has entered into a license agreement with Rhizogen, which is an exclusive licensee of patent rights under the '994 patent.

21. Defendant Espoma has infringed and continues to infringe the '994 patent, literally and/or under the doctrine of equivalents. Espoma is liable for at least direct infringement of the '994 patent pursuant to 35 U.S.C. § 271(a).

22. Defendant AMS is liable as an indirect infringer of the '994 patent based on its inducement of infringement under 35 U.S.C. § 271(b). On information and belief, AMS has induced one or more other entities to directly infringe the '994 patent, literally and/or under the doctrine of equivalents.

23. Defendant Calloway's has infringed and continues to infringe the '994 patent. Calloway's is liable for at least direct infringement of the '994 patent pursuant to 35 U.S.C. § 271(a).

24. The infringement (direct and indirect) by Defendants Espoma, AMS and Calloway's has caused damage to Plaintiffs, who are entitled to recover from Defendants the

damages sustained by Plaintiffs as a result of Defendants' wrongful acts in an amount subject to proof at trial. Defendants' wrongful acts of infringement will continue to damage Plaintiffs' business, causing irreparable harm, for which there is no adequate remedy at law, unless enjoined by this Court.

25. Plaintiffs' patented products have been marked with the '994 patent number in accordance with 35 U.S.C. § 287.

## COUNT THREE:
## PATENT INFRINGEMENT
## '224 PATENT

26. Plaintiffs incorporate by reference paragraphs 1-25 as if fully set forth herein.

27. On October 28, 2008, United States Patent No. 7,442,224 (the '224 patent), entitled "Fertilizer Compositions and Methods of Making and Using Same," was duly and legally issued with Randolph S. Porubcan as the named inventor. Mr. Porubcan had executed a written assignment, whereby he assigned all rights, title and interest in the '224 patent to Plaintiff Microbes, which is the owner of all rights, title and interest in the '224 patent. A copy of the '224 patent is attached as Exhibit 3.

28. Microbes has entered into a license agreement with Rhizogen, which is an exclusive licensee of patent rights under the '224 patent.

29. Defendant Espoma is liable as an indirect infringer of the '224 patent, literally and/or under the doctrine of equivalents. Defendant Espoma is liable as an indirect infringer of the '224 patent based on its inducement of infringement under 35 U.S.C. § 271(b). Espoma is also liable for contributory infringement of the '224 patent under 35 U.S.C. § 271(c).

30. Defendant AMS is liable as an indirect infringer of the '224 patent, literally and/or under the doctrine of equivalents. Defendant AMS is liable as an indirect infringer of the

'224 patent based on its inducement of infringement under 35 U.S.C. § 271(b). AMS is also liable for contributory infringement of the '224 patent under 35 U.S.C. § 271(c).

31. Defendant Calloway's is liable as an indirect infringer of the '224 patent, literally and/or under the doctrine of equivalents. Defendant Calloway's is liable as an indirect infringer of the '224 patent based on its inducement of infringement under 35 U.S.C. § 271(b). Calloway's is also liable for contributory infringement of the '224 patent under 35 U.S.C. § 271(c).

32. The indirect infringement by Defendants Espoma, AMS and Calloway's has caused damage to Plaintiffs, who are entitled to recover from Defendants the damages sustained by Plaintiffs as a result of Defendants' wrongful acts in an amount subject to proof at trial. Defendants' wrongful acts of infringement will continue to damage Plaintiffs' business, causing irreparable harm, for which there is no adequate remedy at law, unless enjoined by this Court.

## JURY DEMAND

33. Plaintiffs hereby demand a trial by jury on all issues triable by a jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for entry of judgment that:

A. Defendants have infringed U.S. Patent No. 6,878,179;

B. Defendants have infringed U.S. Patent No. 7,044,994;

C. Defendants have infringed U.S. Patent No. 7,442,224;

D. Plaintiffs recover actual damages under 35 U.S.C. § 284;

E. Plaintiffs be awarded supplemental damages for any continuing post-verdict infringement up until final judgment;

F. An accounting of damages be awarded payable by Defendants to Plaintiffs;

G. Defendants be adjudged and ordered to pay to Plaintiffs pre-judgment and post-judgment interest on the damages awarded, including an award of prejudgment interest, pursuant to 35 U.S.C. § 284, from the date of each act of infringement of the '179 patent, and of the '994 patent, and of the '224 patent, by Defendants until the day a damages judgment is entered, and a further award of post-judgment interest, pursuant to 28 U.S.C. § 1961, continuing until such judgment is paid, at the maximum rate allowed by law;

H. Defendants, together with each of their agents, employees, representatives, successors and assigns, and those acting in privity or in concert with each of them, be preliminarily and permanently enjoined from further infringement of the '179 patent, and of the '994 patent, and of the '224 patent;

I. In the event an injunction is not included in the final judgment, an order that Defendants shall be required to pay Plaintiffs a compulsory ongoing royalty;

J. The infringement of the '179 patent and of the '994 patent and of the '224 patent by Defendant Espoma and AMS has been willful; this is an exceptional case, and Plaintiffs shall be awarded recovery of their reasonable and necessary attorney's fees relative to Plaintiffs' enforcement of the counts for patent infringement;

K. Plaintiffs be awarded costs; and

L. Such other and further relief as the Court deems just and equitable.

Dated: June 15, 2010

Respectfully submitted,

/s/ Dale Jefferson
**Dale Jefferson**
*Lead Counsel*
Texas Bar No. 10607900
jefferson@mdjwlaw.com
**Douglas H. Elliott**
Texas Bar No. 06535900
elliott@mdjwlaw.com
MARTIN, DISIERE, JEFFERSON & WISDOM, L.L.P.
808 Travis Street, Suite 1800
Houston, Texas 77002
Telephone: (713) 632-1700
Facsimile: (713) 222-0101

**Of Counsel for Plaintiffs:**

**Otis W. Carroll**
Texas Bar No. 03895700
otiscarroll@icklaw.com
**Deborah Race**
Texas Bar No. 16448700
drace@icklaw.com
IRELAND, CARROLL & KELLEY, P.C.
6101 South Broadway, Suite 500
Tyler, Texas 75703
Telephone: (903) 561-1600
Facsimile: (903) 581-1071

**Mark J. Dyer**
Texas Bar No. 06317500
dyer@mdjwlaw.com
MARTIN, DISIERE, JEFFERSON & WISDOM, L.L.P.
900 Jackson Street, Suite 710
Dallas, Texas 75202
Telephone: (214) 420-5500
Facsimile: (214) 420-5501

## CERTIFICATE OF SERVICE

The undersign hereby certifies that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this 15th day of June, 2010. Any other counsel of record will be served by U.S. First Class Mail.

/s/ Douglas H. Elliott
Douglas H. Elliott