IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| Microbes, Inc. and <br> Rhizogen L.L.C. | § <br> § <br> § | |
| Plaintiffs, | § <br> § | Civil Action No. 2:09-cv-00237-TJW |
| v. | § <br> § | Jury Trial Demanded |
| The Espoma Company, <br> Advanced Microbial Solutions L.L.C., <br> and Calloway's Nursery, Inc. | § <br> § <br> § <br> § | |
| Defendants. | § | |

**MICROBES, INC. AND RHIZOGEN L.L.C.'S
REPLY TO THE ESPOMA COMPANY'S
COUNTERCLAIMS TO FIRST AMENDED COMPLAINT**

Plaintiffs Microbes, Inc. ("Microbes") and Rhizogen L.L.C. ("Rhizogen") (collectively, "Plaintiffs") file this reply to the counterclaims to the first amended complaint, which are set forth in the pleading entitled "Answer with Affirmative Defenses by The Espoma Company and Calloways' Nursery Inc., and Counterclaims of The Espoma Company" ("Answer"), filed on July 29, 2010, by Defendant The Espoma Company ("Espoma") ("Counterclaims), and in support thereof allege the following:

## COUNTERCLAIMS

1. Plaintiffs admit the allegations of Paragraph 46 of the Counterclaims.

2. Plaintiffs admit the allegations of Paragraph 47 of the Counterclaims.

3. Plaintiffs admit the allegations of Paragraph 48 of the Counterclaims.

4. Plaintiffs admit the allegations of Paragraph 49 of the Counterclaims.

5. Plaintiffs deny the allegations of Paragraph 50 of the Counterclaims.

6. Plaintiffs admit that, for each counterclaim against Plaintiffs, Espoma has demanded a jury trial on all issues so triable; but otherwise deny the allegations of Paragraph 51 of the Counterclaims.

## FIRST COUNTERCLAIM

### (Declaratory Judgment of Patent Invalidity)

7. Plaintiffs admit that Espoma has incorporated the allegations set forth in paragraphs 1 through 51 of its Answer, and also admits that Espoma has made the allegations set forth in paragraphs 1 through 51 of its Answer, but otherwise deny the allegations of Paragraph 52 of the Counterclaims.

8. Plaintiffs admit that Espoma's counterclaim seeks a declaratory judgment that some or all of the claims of the '179 patent, '994 patent and '224 patent are invalid, but otherwise deny the allegations of Paragraph 53 of the Counterclaims.

9. Plaintiffs deny the allegations of Paragraph 54 of the Counterclaims.

## SECOND COUNTERCLAIM

### (Declaratory Judgment of Patent Unenforceability)

10. Plaintiffs admit that Espoma has incorporated the allegations set forth in paragraphs 1 through 54 of its Answer, and also admits that Espoma has made the allegations set forth in paragraphs 1 through 54 of its Answer, but otherwise deny the allegations of Paragraph 55 of the Counterclaims.

11. Plaintiffs admit that Espoma's counterclaim seeks a declaratory judgment that the '179 patent, '994 patent, and the '224 patent and any future patents issued from continuations of

the same common patent are unenforceable, but otherwise deny the allegations of Paragraph 56 of the Counterclaims.

12. Plaintiffs deny the allegations of Paragraph 57 of the Counterclaims.

13. Plaintiffs admit the allegations of Paragraph 58 of the Counterclaims.

14. Plaintiffs deny the allegations of Paragraph 59 of the Counterclaims.

15. Plaintiffs deny the allegations of Paragraph 60 of the Counterclaims.

16. Plaintiffs deny the allegations of Paragraph 61 of the Counterclaims.

17. Plaintiffs deny the allegations of Paragraph 62 of the Counterclaims.

18. Plaintiffs deny the allegations of Paragraph 63 of the Counterclaims.

19. Plaintiffs deny the allegations of Paragraph 64 of the Counterclaims.

20. Plaintiffs deny the allegations of Paragraph 65 of the Counterclaims.

21. Plaintiffs deny the allegations of Paragraph 66 of the Counterclaims.

22. Plaintiffs admit that in a Response filed on October 14, 2004, the attorney made certain arguments referring to a "unique synergism" and "no motivation" and that those arguments are set forth more fully in the actual Response that is of public record. Except as expressly and specifically admitted, the allegations of Paragraph 67 of the Counterclaims.

23. Plaintiffs deny the allegations of Paragraph 68 of the Counterclaims.

24. Plaintiffs deny the allegations of Paragraph 69 of the Counterclaims.

## FOURTH (SIC, THIRD) COUNTERCLAIM

### (Declaratory Judgment of Patent False Marking)

25. Plaintiffs admit that Espoma has incorporated the allegations set forth in paragraphs 1 through 69 of its Answer, and also admit that Espoma has made the allegations set forth in

paragraphs 1 through 69 of its Answer, but otherwise deny the allegations of Paragraph 70 of the Counterclaims.

26. Plaintiffs deny the allegations of Paragraph 71 of the Counterclaims.

27. Plaintiffs deny the allegations of Paragraph 72 of the Counterclaims.

28. Plaintiffs deny the allegations of Paragraph 73 of the Counterclaims.

29. Plaintiffs admit the allegations of Paragraph 74 of the Counterclaims.

30. In response to Paragraph 75 of the Counterclaims, Plaintiffs contend that the legal definitions of the terms "decontaminated manure" and "sterilized manure" will be determined as part of this Court's claim construction, and are not matters that require an admission or denial by Plaintiffs.

31. Plaintiffs admit the statement quoted in Paragraph 76 of the Counterclaims has appeared on www.rhizogen.com. Except as expressly and specifically admitted, Plaintiffs deny the allegations of Paragraph 76 of the Counterclaims.

32. In response to Paragraph 77 of the Counterclaims, Plaintiffs content that the legal definitions of "decontaminated manure" and "completely sterilizing" will be determined as part of this Court's claim construction, and are not matters that require an admission or denial by Plaintiffs.

33. Plaintiffs deny the allegations of Paragraph 78 of the Counterclaims.

## JURY DEMAND

34. Plaintiffs hereby demand a trial by jury for the counterclaims on all issues triable by a jury.

## AFFIRMATIVE DEFENSES TO COUNTERCLAIMS

35. Espoma is not entitled to any relief or recovery by reason of its coming into this Court with unclean hands. For example, Espoma is barred from asserting inequitable conduct at least on the basis of its unclean hands.

36. The Espoma counterclaims are barred by the statute of limitations, estoppel, laches, acquiescence and license.

37. Espoma lacks standing to assert false patent marking.

38. In its false patent marking counterclaim, Espoma has failed to state a claim upon which relief may be granted.

## PRAYER FOR RELIEF

39. WHEREFORE, Plaintiffs deny that Espoma is entitled to any of its requested relief, and in addition to the relief requested in Plaintiffs' First Amended Complaint, further request entry of judgment that Espoma be ordered to pay all costs incurred by Plaintiffs in this action, including particularly the costs relating to defending against the Counterclaims, and also the reasonable and necessary attorneys' fees incurred in relation to defending against the Counterclaims, as well as such other and further relief as the Court deems just and equitable.

Dated: <u>August 19, 2010</u>　　　　　　　　　　　Respectfully submitted,

/s/ Dale Jefferson
(w/permission by Douglas H. Elliott)
**Dale Jefferson**
*Lead Counsel*
Texas Bar No. 10607900
jefferson@mdjwlaw.com
**Douglas H. Elliott**
Texas Bar No. 06535900
elliott@mdjwlaw.com
MARTIN, DISIERE, JEFFERSON & WISDOM, L.L.P.
808 Travis Street, Suite 1800
Houston, Texas 77002
Telephone: (713) 632-1700
Facsimile: (713) 222-0101

**Of Counsel for Plaintiffs:**

**Otis W. Carroll**
Texas Bar No. 03895700
otiscarroll@icklaw.com
**Deborah Race**
Texas Bar No. 16448700
drace@icklaw.com
IRELAND, CARROLL & KELLEY, P.C.
6101 South Broadway, Suite 500
Tyler, Texas 75703
Telephone: (903) 561-1600
Facsimile: (903) 581-1071

**Mark J. Dyer**
Texas Bar No. 06317500
dyer@mdjwlaw.com
MARTIN, DISIERE, JEFFERSON & WISDOM, L.L.P.
900 Jackson Street, Suite 710
Dallas, Texas 75202
Telephone: (214) 420-5500
Facsimile: (214) 420-5501

## CERTIFICATE OF SERVICE

The undersign hereby certifies that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this 19th day of August, 2010. Any other counsel of record will be served by U.S. First Class Mail.

/s/ Douglas H. Elliott
Douglas H. Elliott